FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBING YE, | No. 13-70076 |
| Petitioner, | Agency No. A099-628-457 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015**

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Debing Ye, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, we reject Ye's request for oral argument.

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the inconsistency between Ye's testimony and household registration regarding when and why his wife's registration was cancelled, and based on the implausibility that Ye and his wife would leave their children in China despite a loan shark's threats to kill Ye's wife and children, when Ye testified the reason his wife fled China was because of these threats. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard); *see also Cui v. Holder*, 712 F.3d 1332, 1337-38 (9th Cir. 2013) (adverse credibility finding supported in part by implausible testimony). In the absence of credible testimony, Ye's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Ye's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57.

This dismissal is without prejudice to petitioner's seeking prosecutorial

13-70076

discretion or deferred action from the Department of Homeland Security.  *See*

*Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471,

483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at

any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**